IRA S. AMES, Plaintiff in Error,

*vs.*

EBENEZER MARTIN, Defendant in Error.

ERROR TO THE SAUK CIRCUIT COURT.

A colt four months old is not exempt from sale on execution, as forming, with its dam, a "*span of horses*," within the meaning of the statute.

This was an action of replevin, brought by the plaintiff in error against the defendant in error, before a justice of the peace, who, upon trial, rendered a judgment for the defendant, who appealed to the circuit court. Upon trial in the circuit court, it appeared that the property claimed, which was a young colt, four months old, had been levied on as the property of the plaintiff in replevin, on an execution against him, by the defendant as sheriff of Sauk county; and the foundation of the plaintiff's claim to the colt was, that the colt was exempt from execution by the statutes of Wisconsin—he, the plaintiff, at the time of such levy, having but one horse more, to-wit, the dam of the colt in question, and no other team.

The circuit court, a jury having been waived by the parties, decided, upon this evidence, that the defendant was entitled to the property; holding, "that a colt of the age of the one in question was not exempt from forced sale on execution as a horse, within the meaning of the statute," and rendered judgment accordingly: to which ruling the defendant excepted.

*Abbott and Clark*, for the plaintiff in error.

*H. E. Frink*, for the defendant in error.

Ames vs. Martin.

*By the Court*, COLE, J.   It is provided by subdivision 6, section 58, chapter 102, R. S., that among other personal property, " a span of horses" shall be exempt from sale under an execution, or attachment; and the question in this case is, whether a colt four months old with its mother, (where the defendant has no other horse or team of any kind) can fairly be said to be included in this language, so as to exempt the colt from sale.   Although we are disposed to give our statute a liberal interpretation, so as to exempt all the property that the legislature intended should be exempted, yet we do not think that a colt four months old, and its mother, in the popular and ordinary acceptation of the language, can be said to be " a span of horses."   It was contended on the argument by the counsel for the plaintiff in error, that the word horse wherever used in this statute, should be taken in its broadest signification, as meaning an animal of the equine family, old or young. And in support of this construction of the statute, we were referred to the case of *Freeman vs. Carpenter*, 10 Vt. R., 433 ; where the court held that the word " cow," in the exemption law of Vermont, included a heifer two years old.   But the Vermont statute and the statute of this state are not in *pari materia*, and an exposition of the word " cow," in the one, can hardly be adopted as a correct rule for ascertaining and determining the sense of the word " horse," in the other.   We should have but little difficulty in saying that the word "horse," in the statute, was intended to include a young colt, were it not used in connection with the word "span."   This word seems to qualify and limit the meaning of the word " horse." For the ordinary and familiar signification of the language, " a span of horses," is two animals which may be connected together or united for the purpose of a team.   Such is the common understanding of the language, and we think it must have that meaning here.   It is quite obvious that a colt four months old could not be connected with another horse and used for a team.

The judgment of the circuit court is therefore affirmed.